J-S01028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN EUGENE GILLIAM | : | |
| | : | |
| Appellant | : | No. 51 MDA 2024 |

Appeal from the PCRA Order Entered December 6, 2023
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000320-2017,
CP-14-CR-0000355-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN EUGENE GILLIAM | : | |
| | : | |
| Appellant | : | No. 227 MDA 2024 |

Appeal from the PCRA Order Entered December 6, 2023
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000355-2017

BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED: APRIL 22, 2025**

Appellant, Kevin Eugene Gilliam, appeals from the order entered in the Centre County Court of Common Pleas, which denied his timely first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

The relevant facts and procedural history of this case are as follows. Appellant worked as a licensed massage therapist in State College, Pennsylvania. In December 2016, and January 2017, Appellant sexually assaulted two clients. The Commonwealth charged Appellant with various offenses related to the assaults at separate docket numbers, and the court consolidated the matters for Appellant's trial.

On September 26, 2018, a jury convicted Appellant of two counts of indecent assault, one count of aggravated indecent assault, and three counts of summary harassment. On December 13, 2018, the court sentenced Appellant to an aggregate term of 25 to 50 years' incarceration. This Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Gilliam*, 249 A.3d 257 (Pa.Super. 2021), *appeal denied,* ___ Pa. ___, 267 A.3d 1213 (2021).

On January 17, 2023, Appellant timely filed a first, counseled PCRA petition, arguing that a Commonwealth witness had perjured himself, as well as raising several claims of ineffective assistance of counsel. On June 22, 2023, the PCRA court entered an opinion and order stating that it would conduct an evidentiary hearing limited to Appellant's claim of ineffective assistance of counsel for failing to request a curative instruction based upon the prosecutor's alleged inappropriate comments.

On October 10, 2023, the court held an evidentiary hearing. Following the hearing, the court ordered the parties to submit additional brief and, on December 6, 2023, entered an opinion and order denying PCRA relief.

- 2 -

On January 2, 2024, Appellant timely filed a notice of appeal.[2]    On January 10, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.   Appellant timely complied on January 31, 2024.

On appeal, Appellant raises the following issues for our review:

Whether the trial court erred in dismissing Appellant's PCRA petition where trial counsel rendered ineffective assistance of counsel in failing to request a curative instruction based upon the prosecutor's prejudicial comments in front of the jury.

Whether the trial court erred in dismissing Appellant's PCRA petition without an evidentiary hearing where Appellant presented genuine issues of material facts.

Whether trial counsel rendered ineffective assistance of counsel in failing to investigate and request a mistrial based upon the prosecutor's intentionally biased comments.

Whether Detective Weaver's false testimony was so egregious to undermine the truth determining process.

Whether trial counsel rendered ineffective assistance of counsel in failing to seek a mistrial or curative instruction when a Commonwealth witness brought up Appellant's incarceration status.

Whether trial counsel rendered ineffective assistance of counsel in failing to call witnesses.

Whether trial counsel rendered ineffective assistance of

---

[2] Appellant initially filed a single notice of appeal listing both underlying docket numbers.  On January 30, 2024, this Court issued an order directing Appellant to file two amended notices of appeal and comply with *Commonwealth v. Walker*, 646 Pa. 456, 185 A.3d 969 (2018).  Appellant timely complied on February 8, 2024.  Subsequently, this Court consolidated the appeals *sua sponte*.

counsel in failing to file a motion to sever.

Whether trial counsel rendered ineffective assistance of counsel in failing to prepare regarding cross-examination of the Commonwealth's expert witness.

(Appellant's Brief at 4-5).

"Our standard of review of [an] order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Parker**, 249 A.3d 590, 594 (Pa.Super. 2021) (quoting **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa.Super. 2013)). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. **Commonwealth v. Wah**, 42 A.3d 335 (Pa.Super. 2012). "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." **Commonwealth v. Smith**, 121 A.3d 1049, 1052 (Pa.Super. 2015), *appeal denied*, 635 Pa. 763, 136 A.3d 981 (2016) (quoting **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa.Super. 2007), *appeal denied*, 594 Pa. 685, 934 A.2d 72 (2007)).

All of Appellant's issues implicate the ineffective assistance of counsel. "Counsel is presumed to have rendered effective assistance."

- 4 -

*Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.  The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted).  The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail.  *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111 (2011).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit."  *Commonwealth v. Smith*, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)).  "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim."  *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004) (quoting *Commonwealth v. Geathers*, 847 A.2d 730, 733 (Pa.Super. 2004)).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." *Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting *Pierce, supra* at 524, 645 A.2d at 194-95).

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

*Commonwealth v. King*, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting *Sandusky, supra* at 1043-44).

"To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Spotz*, 624 Pa. 4, 33-34, 84 A.3d 294, 312 (2014) (internal citations and quotation marks omitted). "[A] criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Hopkins, supra* at 876 (quoting *Commonwealth v. Chambers*, 570 Pa. 3, 22, 807 A.2d 872, 883 (2002)).

In Appellant's first and second issues combined, he argues that trial

counsel was ineffective when he failed to request a curative instruction and a mistrial based upon the prosecutor's comments in front of the jury, namely, when the female prosecutor asked the court to tell Appellant to stop staring at her because it made her "feel very uncomfortable." (N.T. Trial, 9/25/18, at 22-23). At the time, trial counsel was not present because he had stepped outside the courtroom to retrieve another witness. (*See id.*) After trial counsel returned, the court stated, "Just make sure your client is comporting himself with proper courtroom decorum, if he is not." (*Id.*) Trial counsel did not object to the remarks, or request a curative instruction, because he did not wish to "highlight it anymore or draw any more attention to it." (N.T. PCRA Hearing, 10/30/23, at 9).

Nevertheless, Appellant maintains that this strategy was not reasonable. Appellant asserts that had trial counsel objected and argued that the comments were inappropriate, it may have prevented her from repeating similar statements in her closing. Further, Appellant claims the curative instruction did not need to restate the offensive remarks. Appellant insists that, in a sexual assault trial, the prosecutor's comments were undeniably prejudicial to him.[3] Appellant concludes that the court erred in denying PCRA relief on these grounds and that this Court must grant relief. We disagree.

_____

[3] In his second issue, Appellant challenges additional remarks made by the prosecutor. For example, Attorney McGoron asked one of the victims, J.G., whether she had initially felt uncomfortable seeing Appellant as a massage therapist because he was a man. (N.T. Trial, 9/24/18, at 151). The
*(Footnote Continued Next Page)*

[A] claim of ineffective assistance grounded in trial counsel's failure to object to a prosecutor's conduct may succeed when the petitioner demonstrates that the prosecutor's actions violated a constitutionally or statutorily protected right, such as the Fifth Amendment privilege against compulsory self-incrimination or the Sixth Amendment right to a fair trial, or a constitutional interest such as due process. To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial. The touchstone is fairness of the trial, not the culpability of the prosecutor. Finally, [n]ot every intemperate or improper remark mandates the granting of a new trial; [r]eversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict.

***Commonwealth v. Koehler***, 614 Pa. 159, 198-99, 36 A.3d 121, 144 (2012)

(internal citations and quotations omitted).

---

prosecutor asked a second witness, S.S., whether Appellant's comments that she was "looking really good" and "doing a good job" made her uncomfortable. (***See id.*** at 186-187). Appellant further argues that it was inappropriate of the prosecutor to repeat the word "uncomfortable" several times during her closing arguments, as well as her statement that Appellant had smirked at the victim, and that, "I think you even saw that smirk a few times. He was aiming that at me sometimes, sometimes at the witness on the stand." (***See*** N.T. Trial, 9/26/18, at 39). In his brief, Appellant claims that the unavoidable effect of these comments was to prejudice him, and that counsel could have no reasonable basis in failing to object or request a mistrial.

However, Appellant's Amended PCRA petition, filed by counsel on January 17, 2023, does not preserve these arguments, nor are these arguments raised in his Rule 1925(b) statement. Thus, he has waived them. ***See*** Pa.R.A.P. 302(a) (noting that issues not raised before the trial court are waived and cannot be raised for the first time on appeal). ***See also Commonwealth v. Castillo***, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (stating issues not raised in Pa.R.A.P. 1925(b) statement will be deemed waived). Accordingly, we give these particular claims of error no further attention.

- 8 -

Instantly, in its opinion granting an evidentiary hearing, the court explained that the remarks did not cause prejudice because the court would not have been inclined to grant a mistrial had trial counsel requested one. (*See* PCRA Court Opinion and Order, 6/22/23, at 7) (unpaginated). Nevertheless, the court did grant an evidentiary hearing to ascertain trial counsel's strategy in failing to request a curative instruction. (*See id.*) Following the evidentiary hearing, the PCRA court further explained:

> While the [c]ourt agrees that the remarks made by Attorney McGoron were certainly inappropriate to make in front of the jury rather than at side bar, particularly given Attorney McGoron's decision to raise such an objection after Attorney Decker had left the room to collect his next witness, the [c]ourt stands by its reasoning and determination in its June 22, 2023, Opinion and Order that the remarks would not have the "unavoidable" effect of prejudicing the jury such that a mistrial would have been warranted.
>
> Accordingly, the [c]ourt finds that [Appellant] has failed to establish either that Attorney Decker was ineffective by failing to request a curative instruction, that the decision caused prejudice such that the outcome of the trial would have likely changed had a curative instruction been given, or that the remarks made by Attorney McGoron rise to the level of prosecutorial misconduct.

(PCRA Court Opinion and Order, 12/6/23, at 6-7). The record supports the PCRA court's conclusion that Appellant cannot establish prejudice based on trial counsel's failure to object to the challenged remarks and/or request a curative instruction. *See Koehler, supra*.

In Appellant's third issue, he argues that Detective Chris Weaver made intentionally false statements during his testimony that the prosecution failed

to correct.

For context, Detective Weaver testified that he met with Appellant in February 2017 and received a written statement from Appellant three days later, in which Appellant indicated that another client and an intern were both in the lobby as one of the victims was checking out. At trial, Appellant attempted to introduce the written statement, but the Commonwealth objected, arguing that the statement was self-serving hearsay. Subsequently, Appellant attempted to introduce the information in the statement during cross-examination, but the court sustained the Commonwealth's objection. Appellant argues that the admission of this statement could have been used to impeach Detective Weaver, who had testified that he did not have any information indicating that another person had witnessed the complainant in the spa. According to Appellant, the inability to introduce this statement deprived him of a fair trial, and he contends that as a result, the PCRA court should have granted him an evidentiary hearing. We disagree.

For purposes of the PCRA, "[a]n issue is waived if appellant 'could have raised it but failed to do so before trial, at trial, ... on appeal or in a prior state postconviction proceeding." ***Commonwealth v. Robinson***, 623 Pa. 345, 357, 82 A.3d 998, 1005 (2013) (quoting 42 Pa.C.S.A. § 9544(b)). It is well-settled that questions concerning the admissibility of evidence are within the sound discretion of the trial court, and challenges to such rulings are generally raised on direct appeal. ***See generally Commonwealth v. LeClair***, 236 A.3d 71, 78 (Pa.Super. 2020), *appeal denied*, 644 Pa. 546, 244 A.3d 1222

- 10 -

(2021).

Instantly, the PCRA court observed that Appellant could have raised this claim on direct appeal and that he has offered no explanation for his failure to do so, nor has he alleged any error on the part of trial counsel in failing to raise this claim. (*See* PCRA Court Opinion and Order, 6/22/23, at 5) (unpaginated). We agree. The record reflects that trial counsel attempted to introduce the statement at trial and the trial court sustained the Commonwealth's objection. Appellant did not challenge the court's evidentiary ruling on direct appeal. *See Robinson, supra*. Nor does Appellant's PCRA petition or Rule 1925(b) statement frame this issue in terms of ineffective assistance of counsel. While Appellant now baldly claims on appeal that this is an issue of ineffectiveness that could not have been litigated on direct appeal, he has not offered a coherent, logical argument to support this assertion, nor any relevant authority. Thus, to the extent Appellant now frames this claim in the context of ineffectiveness, it is waived. *See* Pa.R.A.P. 302(a).

In Appellant's next issue, he argues that trial counsel rendered ineffective assistance in failing to seek a mistrial or curative instruction when a witness mentioned Appellant's incarceration status. During questioning Detective Weaver stated that he did not believe it was necessary to interview the owner of the spa, because based upon his investigation and "the prison phone calls that [he] obtained," it was clear that she would not be helpful. (*See* N.T. Trial, 9/24/18, at 300). Trial counsel objected, arguing that this

- 11 -

was prejudicial, and initially requested a curative instruction. However, counsel then stated, "I think we'll just let it go. I'll let it go. Thank you." (*See* N.T. Trial, 9/24/18, at 301-02). Appellant complains trial counsel was ineffective for failing to seek the curative instruction, and this Court must grant relief. We disagree.

> Evidence of a defendant's **prior** arrest or incarceration is generally inadmissible because the trier of fact may infer past criminal conduct by the defendant from such evidence. Reversible error occurs where evidence of prior criminal conduct unjustifiably blackens the character of a defendant in the minds of the jury. However, such evidence is generally admissible where it tends to establish motive, intent, absence of mistake or accident, commission of the crime, or where it was part of a chain or sequence of events which formed the history of the case.

*Commonwealth v. Williams*, 541 Pa. 85, 94, 660 A.2d 1316, 1321 (1995) (citations omitted, emphasis added). *See also Commonwealth v. Johnson*, 576 Pa. 23, 52-53, 838 A.2d 663, 680 (2003) (noting that there is no rule prohibiting reference to defendant's incarceration awaiting trial or arrest for crimes charged).

Instantly, regarding Appellant's request for a hearing with respect to this claim, the PCRA court explained:

> However, [Appellant] himself provides a sufficient explanation as to why trial counsel chose this particular course of action: "Attorney Decker would testify …. he declined to request a curative instruction …. so as not to bring more attention to [Appellant's] incarceration status." As such choice was made in the furtherance of a valid trial strategy, it does not rise to the level of ineffective assistance of counsel. Moreover, "there is no rule in Pennsylvania which prohibits reference to a defendant's incarceration

- 12 -

awaiting trial or arrest for the crimes charged." [***Johnson, supra***]. As trial counsel cannot be ineffective for failing to raise a meritless objection, [Appellant's claim] for ineffective assistance is without merit.

(PCRA Court Opinion and Order, 6/22/23, at 5-6) (unpaginated, citations to the record omitted). The record supports the PCRA court's determination. ***See Johnson, supra***. Counsel cannot be found ineffective for failing to raise a meritless claim. ***See Poplawski, supra***. Thus, Appellant is not entitled to relief on this claim.

In Appellant's next issue, he argues that counsel was ineffective for failing to call witnesses. He argues that there were additional people present at the time that the complainant checked out of the facility, and that trial counsel's failure to investigate and bring forward potential witnesses who would have allegedly discredited the complainant's testimony. Appellant contends that trial counsel had no reasonable basis for his actions, and he suffered prejudice as a result. Appellant concludes that the PCRA court erred in denying him an evidentiary hearing and relief on this claim. We disagree.

> A defense attorney's failure to call certain witnesses does not constitute *per se* ineffectiveness. In establishing whether defense counsel was ineffective for failing to call witnesses, a defendant must prove the witnesses existed, the witnesses were ready and willing to testify, and the absence of the witnesses' testimony prejudiced petitioner and denied him a fair trial.

***Commonwealth v. Cox***, 603 Pa. 223, 267-68, 983 A.2d 666, 693 (2009) (internal citations omitted). A petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of

- 13 -

the case." ***Commonwealth v. Gibson***, 597 Pa. 402, 441, 951 A.2d 1110, 1134 (2008).

Instantly, Appellant has failed to identify that any such witnesses existed, or that they were ready and willing to testify on his behalf. Rather, Appellant states only that there were "additional people present at the time the complainant checked out of the facility." (Appellant's Brief at 43). Appellant has failed to satisfy the requirements needed to prevail on a claim of ineffectiveness for failure to call witnesses. ***See Cox, supra***.

In his next issue, Appellant argues that counsel rendered ineffective assistance by failing to file a motion to sever the two dockets. Appellant baldly states, in a conclusory manner, that he was unduly prejudiced by the dockets being tried together, and that the evidence could easily have been separated into two trials. Appellant notes that neither complainant was a witness to the other's allegation. As a result, he contends that trial counsel was ineffective for failing to file a motion to sever the matters, and the court erred in denying him an evidentiary hearing on this claim. We disagree.

The Rules of Criminal Procedure provide that offenses charged in separate informations may be tried together if "the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion." Pa.R.Crim.P. 582(A)(1)(a). The Commonwealth is required to give notice in writing of its intent to try offenses together. ***See*** Pa.R.Crim.P. 582(B)(1). Regardless, the court "may order separate trials of offenses or defendants, or provide other

- 14 -

appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." **See** Pa.R.Crim.P. 583.

Prejudice, when severance is the issue,

> [i]s not simply prejudice in the sense that appellant will be linked to the crimes for which he is being prosecuted, for that sort of prejudice is ostensibly the purpose of all Commonwealth evidence. The prejudice of which [Rule 583] speaks is rather that which would occur if the evidence tended to convict appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence.

**Commonwealth v. Boyle**, 733 A.2d 633, 637 (Pa.Super. 1999) (citation omitted). However,

> [u]nder the common plan or scheme exception, evidence of other crimes or bad acts may be admitted where "the evidence reveals criminal conduct which is distinctive and so nearly identical as to become the signature of the same perpetrator." **Commonwealth v. Tyson**, 119 A.3d 353, 358-59 (Pa.Super. 2015) (*en banc*) (citation omitted). "Relevant to such a finding will be the habits or patterns of action or conduct undertaken by the perpetrator to commit crime, as well as the time, place, and types of victims typically chosen by the perpetrator." **Id.** at 359 (citation omitted). "Sufficient commonality of factors" between the incidents "dispels the notion that they are merely coincidental and permits the contrary conclusion that they are so logically connected they share a perpetrator." **Commonwealth v. Weakley**, 972 A.2d 1182, 1189 (Pa.Super. 2009). "If the evidence reveals that the details of each criminal incident are nearly identical, the fact that the incidents are separated by a lapse of time will not likely prevent the offer of the evidence unless the time lapse is excessive." **Tyson**, 119 A.3d at 359 (citation omitted).

**Commonwealth v. Kurtz**, 294 A.3d 509, 532-33 (Pa.Super. 2023), *appeal*

*granted on other grounds*, ___ Pa. ___, 306 A.3d 1287 (2023) (concluding that five incidents of kidnapping and sexual assault were sufficiently similar in plan and design that evidence of each of offenses would be admissible in separate trial for others).

Instantly, the PCRA court observed that:

> [Appellant] fails to develop any argument as to why trial counsel should have filed such motion or as to how the lack of separation was unduly prejudicial to his case.

(PCRA Court Opinion and Order, 6/22/23, at 9) (unpaginated).

We agree with the trial court that Appellant has failed to develop his argument. Arguably, this claim is waived for lack of development. ***See*** Pa.R.A.P. 2119(a). Moreover, because the crimes were similar—the victims were young women who were customers at the spa where Appellant worked, and he assaulted them during massage treatments—there was no prejudice in trying these cases together because evidence of each case would have been admissible in the other. ***See Kurtz, supra***. Thus, Appellant's ineffectiveness claim fails.

Finally, Appellant argues that trial counsel provided ineffective assistance in failing to prepare regarding cross-examination of the Commonwealth's expert witness, Nicholas Peters, and in failing to consult an independent expert. Specifically, Appellant challenges one of the complainant's statements that she had been crying while Appellant performed a "facial cupping" on her. Appellant claims that had trial counsel properly

- 16 -

cross-examined the Commonwealth's expert witness, the expert would have confirmed that the complainant could not have been crying during a facial cupping, and Appellant could have then impeached the complainant's testimony in this respect. Appellant contends he was unable to impeach the complainant on the fact that she was not crying during the cupping procedure and that this prejudiced him. Appellant concludes he is entitled to relief on these grounds. We disagree.

Instantly, the PCRA court observed:

> While [Appellant's] counsel may not have chosen this particular line of questioning, the record reflects that [Appellant's] counsel did thoroughly cross-examine the Commonwealth's expert on proper draping techniques and on patients' perceptions of masseuse conduct …. [Appellant's] trial counsel pursued a potentially valid line of questioning that was strategically designed to further his client's interest.

(PCRA Court Opinion and Order, 6/22/23, at 9) (unpaginated) (citing N.T. Trial, 9/24/18, at 243-48).

A review of the record supports the PCRA court's conclusions. Trial counsel extensively cross-examined Mr. Peters on massage techniques, whether clients in a vulnerable position might "get the wrong impression" of a masseur, and the manner in which a massage therapist must drape a patient with cloth. (*See* N.T. Trial, 9/24/18, at 243-48). On this record, we cannot say that had trial counsel pursued the line of questioning that Appellant suggests there is a reasonable probability that the results of trial would have been different. *See Spotz, supra*. *See also Commonwealth v. Sneed*,

616 Pa. 1, 45 A.3d 1096 (2012) (explaining that it is not enough to take cold record, state that counsel could have done this instead or that in addition, and then declare entitlement to relief or discovery and further delay).  Further, Appellant has failed to develop in any meaningful way his argument regarding an independent expert.  **See** Pa.R.A.P. 2119(a).  Thus, Appellant's final ineffectiveness claim merits no relief.  **See Parker, supra**.  Based on our disposition of each of Appellant's ineffectiveness claims, we agree with the PCRA court that Appellant was not entitled to a hearing to further develop his claims.  **See Smith, supra**; **Wah, supra**.  Accordingly, we affirm.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/22/2025